August 31, 2020

United States of America
V.
Lamont E. McCord

Criminal No. 3:06-CR-264
Civil No. 3:20-CV-421

<u>Under Seal</u>

FILED
SEP - 8 2020
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

Response to Government Opposition
Conflict of Interest and Ineffective Counsel

I.

I asked Mr. Horace Hunter on numerous occasions to file about the Plea Agreement and for several years he stated "<u>Mr. Chuck James assured me he will be filing the motion</u>" and as my attorney I believed him. I wrote Mr. Hunter a letter inquiring about the motion again April 9, 2020 and he responded in the letter "<u>Exibit 1</u>" informing me that the motion was filed with another motion. I wrote my attorney that represented me on the murder and drug conspiracy case for my files. Mr. Hunter withdrew from my case sighting a conflict of interest as the reason January 18, 2007. Under Seal it clearly states no motion was ever filed for this case as promised. I received this file April 27, 2020 from Mr. Jeffery Everhart Esq. So under 2255(f)(4) This is newly discovered evidence.

My lawyer Mr. Horace Hunter allowed AUSA Mr. Chuck James to prolong my motion and didn't file like I was asking because he says he "was assured it would be filed (Rule 35) This violates my due rights and is prejudice Roe v. Flores-Ortega 145 LED2D 985, 528 US 470, 120 SCt. 1029 (2000)

(1)

## Multiple Representation

II. "A defendant who objects to multiple representation must have the opportunity to show that potential conflicts impermissibly imperil his right to a fair trial." (Cuyler v. Sullivan, 466 U.S. 335, 348 (1980) I never agreed to Mr. Hunter representing myself and Van Faggins. I read a letter from AUSA Mr. Peter Duffey informing Mr. Hunter to do what's possible to have Van Faggins released to testify in his case, which was against me. My lawyer performance was affected because I was illegally stopped and searched inside of a store, I asked Mr. Hunter to obtain the video footage he never did nor did he call the store owner as a witness.

## Plea Agreement

III. While I was in the bullpen AUSA Mr. Chuck James and my attorney Mr. Hunter approached me in the bullpen with a oral deal "do not go to trial, plead guilty and he will still give me a three point reduction and file a Rule 35 motion on my behalf." Due to this promise I plead guilty and didn't go to trial and for this reason only. "When a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." Santobello v. New York, 404 US 257, 30 L Ed 2d 427, 92 S Ct 495 (1971) I fulfilled what was asked of me to plead guilty "Look to Exibit two" I was granted the three point reduction at sentencing in February 2007 and the deal was made with no accusations of breach by government or I wouldn't have received 3 point reduction as promised. It's obvious from Exibit One that the deal was still being honored but it never was. (United States v. White, 366 F.3d 291, 4th Cir 2004 (No. 03-6734)

My lawyer and AUSA Mr. Chuck James lied to me and my lawyer coached me on what to say at the plea hearing. See "Exibit 1" where AUSA Mr. James kept promising to file the reduction motion. The government can see from "Exibit 2" that the promise was honored after the superseding indictment though not completed as promised and the deal was for this case so the motion binds to this case and the remainder of my sentence.



No plea or method of ensuring that a plea is so "perfect" as to avoid a challenge and that this "formidable barrier" is "not invariably insurmountable." There is NO "per se" rule that plea hearing statements foreclose relief. See (Blackledge v. Allison, 431, US 64 (1977))

### Withdrawal

IV. I would like to withdraw my Rehaif arguement but move forward with my ineffective counsel breach of plea arguement

V. Government's brief, which relied on my presentence report to support its statement of facts, violated Federal Rules and Procedures 28, since brief cited information that was not in trial record. United States v. Menting 166 F.3d 923 (7th Circuit 1999)

### Conclusion

A verbal contract is binding and affects the integrity of the court. Contrary to what the government alledges, I made several attempts to have my attorney to file but AUSA Mr. Chuck James dragged the issue promising my attorney that the motion would be filed causing the time to expire. It was the government actions that delayed motions.

### Relief

I ask the court respectfully to grant me an evidentiary Hearing, enforce the plea agreement and remove the time from the back end of my sentence because the time is served already.

## Under Seal Motion

I would like the government's brief, my response brief and all documents under seal. The government provided several issues from my PSI that's not public information. Everything is my brief and the government brief as well as the original motion will unnecassarily expose me to harm by issuing orders that will refer to my cooperation with the government. I'm fearful that other inmates would use online legal research services to discover the district court's orders and consequently my cooperation Due to the publics accessing judicial records and inmates access my sister was assulted due to my cooperation and its filed under seal now. The government's interest is now in protecting cooperating defendants like myself, in federal custody and I'm concerned about my own safety. I was in USP institutions and cooperators names on the law library data base are stabbed and beat sometimes fatally. My discussing cooperation in my brief and governments brief and my motion increases or heightened my risk of getting harmed. As a federal cooperator that risk increases for me and others due to the advent of electronic filing and the use of the internet to identify cooperators. This is my request to seal all briefs and orders and motion. "United States V. Doe, (No. 19-6152)(4th Cir. June 17, 2020) "Documents sealed in lower court must continue to be filed under seal" United States V. Darrah 2020 US App. Lexis 7696 (No. 18-2407/2408) 6th Cir. March 11, 2020 ( I listed information and the government listed information already under seal.

(4)

August 31, 2020

## Affidavit of truth by Lamont McCord

I Lamont E. McCord, the affiant hereby do declare that all that is stated in this response motion is true and accurate from the best of my knowledge, pursuant to the penalty of perjury 1746

Signed under the penalty of perjury 1746 and 1621

*Lamont E. McCord*

(5)