**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

UNITED STATES OF AMERICA

v.                                                                  Criminal No. 3:06cr264

LAMONT E. McCORD,
           Petitioner.

## MEMORANDUM OPINION

Lamont E. McCord, a federal inmate proceeding *pro se*, submitted this motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence ("§ 2255 Motion," ECF No. 32).[1]  By Memorandum Opinion and Order entered on September 2, 2021, the Court dismissed Claims One and Two (b).  *United States v. McCord*, No. 3:06cr264, 2021 WL 3934801, at *9 (E.D. Va. Sept. 2, 2021).  The Court ordered McCord to file a further response with respect Claim Two (a) because it made little sense in its current state.  *Id.* at *5–6, *9.  McCord and the Government have filed their responses.  Because Claim Two (a) is untimely and lacks merit, it will be DISMISSED.

## I. PROCEDURAL HISTORY FOR CLAIM TWO (A)

On September 21, 2006, McCord pleaded guilty to one count of possession of a firearm by a convicted felon (Count One).  (ECF Nos. 14, 17; ECF No. 19, at 1.)  On February 6, 2007, the Court sentenced McCord to ninety-six months of incarceration.  (ECF No. 25.)  McCord did not appeal.

On June 5, 2020, McCord filed the present § 2255 Motion.[2]  (ECF No. 32.)  His remaining

_____

[1] The Court employs the pagination assigned to the parties' submissions by the CM/ECF docketing system.  The Court corrects the capitalization, punctuation, and spacing, and omits the emphasis in quotations from McCord's submissions.

[2] McCord placed the § 2255 Motion in the prison mailing system on that date.  (ECF No. 32, at 12.)  The Court deems June 5, 2020 as the filed date.  *Cf. Houston v. Lack*, 487 U.S. 266, 276 (1988).

claim is as follows:

Claim Two:   "Ineffective assistance of counsel/conflict of interest." (*Id.* at 8.)
(a) "My attorney was representing me and assisting [the] Government helping them to get a [witness] out who was testifying against me. My attorney was representing me and [the witness] at the same time who was assisting the Government." (*Id.*)

In the September 2, 2021 Memorandum Opinion, the Court explained its confusion about

what exactly McCord alleged in Claim Two (a):

> With respect to the timeliness of this claim, in his Affidavit of Truth, McCord states:
>
> > I later discovered that my attorney Mr. Horace Hunter Esq. was aiding the Government representing a Mr. Van Faggins who was testifying against me. AUSA Mr. Peter Duffey sent my attorney two letters (that I'm aware of) having him to get Van Faggins out of jail for child support so that he could testify against me. . . .
> > My attorney Mr. Horace Hunter
> > 1. Represented me and Van Faggins, a government witness against me, at the same time.
> > 2. He never filed required motions against Government in my opinion because of this conflict of interest.
> > I wrote and no action was taken by Mr. Hunter. He derelicted his duty to please the Government.
>
> (ECF No. 33, at 3–4.) McCord does not provide the date of when he "later discovered" the information about the alleged conflict. In his Reply, McCord suggests that he did not know about this alleged conflict until he "wrote [the] attorney that represented me on the murder and drug conspiracy case[3] for my files. Mr. Hunter withdrew from my case sighting a conflict of interest as the reason, January 18, 2007.[4] . . . I received this file April 27, 2020 from Mr. Jeffrey

---

[3] On December 18, 2007, in this Court, McCord was sentenced to 360 months for conspiracy to distribute cocaine hydrochloride, heroin, and crack cocaine; 180 months for use and carry of a firearm during a drug trafficking crime causing death, to be served consecutively; and 240 months to be served concurrently for conspiracy to use and carry firearms. *United States v. McCord*, No. 3:06cr387 (E.D. Va. Dec. 18, 2007).

[4] Mr. Hunter was clearly representing McCord as of January 18, 2007, as the sentencing occurred on February 6, 2007, so any suggestion that Mr. Hunter withdrew from this case on that date citing a conflict is incorrect.

Everhart, Esq. so under 2255(f)(4) this is newly discovered evidence." (ECF No. 43, at 1.)

As a preliminary matter, McCord's argument for a belated commencement make little sense. The Court fails to discern, and McCord fails to explain, how case files from a separate drug and gun case, where Mr. Hunter was not representing McCord, bear on Mr. Hunter's representation of McCord in this case. McCord does not explain why information pertaining to his counsel in this case, Mr. Hunter, would have been included in that case file. It is also unclear the precise information McCord learned about Mr. Hunter's alleged conflict of interest from the case file he received from Mr. Everheart in April 2020, and what information McCord may have already known about the alleged conflict before he received the case file. The Court also fails to discern, and McCord fails to explain why, through due diligence, he could not have discovered the facts underlying this claim before April 2020.

The details surrounding the underlying claim of a conflict of interest are even less developed.[5] The Sixth Amendment guarantee of effective assistance of counsel "requires meaningful compliance with the duty of loyalty and the duty to avoid conflicts of interest, and a breach of these basic duties can lead to ineffective representation." *United States v. Tatum*, 943 F.2d 370, 375 (4th Cir. 1991). McCord must show "that (1) [his] lawyer operated under a [']conflict of interest['] and (2) such conflict [']adversely affected his lawyer's performance.[']" *United States v. Nicholson*, 611 F.3d 191, 205 (4th Cir. 2020) (citing *Cuyler v. Sullivan*, 446 U.S. 335, 348 (1980)). At this juncture, although the Court believes that McCord intends to argue that counsel suffered from a conflict of interest during his

---

[5] In his Reply, McCord further provides: "I never agreed to Mr. Hunter representing myself and Van Faggins. I read a letter from AUSA Mr. Peter Duffey informing Mr. Hunter to do what's possible to have Van Faggins released to testify in his case, which was against me." (ECF No. 43, at 2.) A letter from Mr. Hunter to McCord, dated April 16, 2020, also provides:

> I am writing in response to your letter dated April 9, 2020. I actually have a decent recollection of your case even thought I have literally represented thousands of people since then. It's not every day that I represent someone I [k]new as a child. I may not remember every detail about your case but I know that I did not sell you out over a child support client. I don't even remember the person you said [I] represented. Also, at the time I represented you on the drug charge, I had no idea you were involved in a homicide. I did follow-up several times with Chuck James, the A.U.S.A on your case, about the Rule 35 motion and he indicated to me that it would be part of the homicide, and, as far as I know it was.

(ECF No. 43–1, at 1.) Mr. Hunter's letter refers to representing McCord for a "drug charge;" however, in this case McCord was only charged with a § 922(g) firearm charge. Thus, this letter adds even more confusion to an already confusing set of facts.

representation of McCord, McCord fails to allege sufficient facts to state a claim for relief. It is unclear from McCord's submissions when Mr. Hunter represented the potential witness, Van Faggins, in what capacity, and in what court. It is also unclear whether any representation was prior to the entry of the Judgment on February 6, 2007. From the tenor of McCord's submissions, and his letter in April 2020 to counsel, it appears that he believes that Mr. Hunter was still actively representing him from the date of his Judgment on February 6, 2007 through April 2020. That is not . . . the case as McCord's conviction became final on February 20, 2007.[6] Finally, McCord fails to allege facts that would indicate that Mr. Hunter's representation of Van Faggins adversely affected Mr. Hunter's representation of McCord.

In order to assess both the timeliness of and the underlying merits of Claim Two (a), the Court needs further factual information from McCord. Accordingly, McCord will be directed to submit a sworn statement, within thirty (30) days, that clarifies his claim and addresses the following:

1.  The date that McCord learned that Mr. Hunter represented Van Faggins. How did McCord learn that Mr. Hunter represented Van Faggins?

2.  In what capacity did Mr. Hunter represent Van Faggins? On what date did Mr. Hunter represent Van Faggins and in what court?

3.  What testimony would Van Faggins have proferred that would incriminate McCord with respect to this § 922(g) charge in this case?

4.  Was Van Faggins going to testify against Mr. Hunter in this case in which he was only convicted of a § 922(g) count or was Van Faggins going to testify in a case where Mr. Hunter was not representing McCord—namely in *McCord*, No. 3:06CR287.

5.  How did Mr. Hunter's representation of Van Faggins adversely affect his representation of McCord prior to the entry of the

---

[6] McCord states that he "wrote [to his] lawyer, Mr. Horace Hunter, Esq. about an appeal due to the breach of plea by the Government, the appeal due to Supreme Court *Rehaif* case and representation of me and someone testifying against me at the same time." (ECF No. 33, at 2.) This letter was written in April 9, 2020. (ECF No. 43–1, at 1.) To the extent that McCord faults counsel for his failure to take certain actions in this closed criminal case, he fails to state a claim for relief because McCord is not entitled to the effective assistance of counsel at this juncture. *Cf. Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) (citations omitted) (explaining that there is no right to counsel in discretionary appeals or in "attacking a conviction that has long since become final").

Judgment in this case on February 6, 2007?

McCord indicates that he learned of this alleged conflict of Mr. Hunter through his case file in the case *McCord*, No. 3:06cr287. McCord must file with the Court any correspondence contained in the file or notes of counsel that was in this file that he relies upon in his § 2255 Motion to support Claim Two (a).

McCord's failure to comply with the above directives **will result in summary dismissal** of the action with respect to Claim Two (a). *See* Fed. R. Civ. P. 41(b).

The Government, understandably, did not obtain an affidavit from former defense counsel based on McCord's vague, unsupported, allegations in his § 2255 Motion. Nevertheless, the Court finds it necessary to expand the record to include the following:

1.   Within thirty (30) days of the filing of McCord's submissions, McCord's former counsel, Horace Hunter, will be directed to provide the Government with a sworn statement regarding McCord's allegations of a conflict.

2.   Within fourteen (14) days of the filing of the above from Mr. Hunter, the Government will be directed to file its response, UNDER SEAL, if necessary, including all information and documents provided by Hunter and any correspondence or notes in the Government's file that bear on this claim. The Government shall properly serve McCord with the same.

*McCord*, 2021 WL 3934801, at *4–6 (footnote numbers altered from original).

## II. McCORD'S RESPONSE AND ANALYSIS

On October 4, 2021, McCord filed his response with a sworn statement and a few attached documents. (ECF No. 48.) McCord's response fails to comport with the Court's directions in the September 2, 2021 Memorandum Opinion and Order and does little to answer the Court's specific questions. While McCord provided a sworn statement, most of it pertains solely to Claim Two (b). The Court dismissed Claim Two (b) in the September 2, 2021 Memorandum Opinion and Order and any argument in support of that claim will not be considered at this time. The only portion of the sworn statement that pertains to Claim Two (a) is as follows:

I want to clarify confusion on the record.
1. I no longer have the DEA files. They were returned to Mr. Everheart. I received impeachment evidence proffers pertaining to Van Faggins and in those

5

files were letters to Mr. Hunter from Mr. Duffey.   Some pages I had were confiscated by SIS because they contained Van Faggins's and others' social security numbers.

  2.  Van Faggins was being represented by Mr. Hunter in the same time frame as me. Van Faggins was being debriefed by Mr. Duffey and agents in 2006 and before.

  3.  Interviews were being conducted about me and Van Faggins was one of those interviewed so who knows if he was going to be used or not in both cases I had.

  4.  I pleaded guilty and was promised the deal and debriefed for case 3:06CR00264–001 before I was even indicted for the January 18, 2007 case contrary to what was said.

  5.  Mr. Hunter withdrew from representing me when I was superseded January 18, 2007, *see* Exhibit #2. I received Mr. Everheart and Mr. Bruns before sentencing, Feb. 6, 2007 because of Mr. Hunter withdrawing Jan. 18, 2007. Please view DEA filed for letters to Mr. Hunter from Mr. Duffey.

  . . . .

  6.  Van Faggins was in the Richmond City Jail while all this was going on.

(ECF No. 48, at 3.)  The Court fails to discern how this clarifies McCord's claim.

### A. Claim Two (a) is Untimely

As the Court explained in its previous Memorandum Opinion, because McCord did not appeal, under 28 U.S.C. § 2255(f)(1), his conviction became final on Friday, February 16, 2007, the last date to note an appeal. *See Arnette v. United States*, Nos. 4:01cr16, 4:04cv122, 2005 WL 1026711, at *4 (E.D. Va. May 2, 2005) (citing *Clay v. United States*, 537 U.S. 522, 527 (2003)); Fed. R. App. P. 4(b)(1)(A) (2007) (requiring defendant to file an appeal within ten days of the entry of judgment).[7]  McCord had until Monday, February 18, 2008 to file any motion under 28 U.S.C. § 2255.  McCord did not file his § 2255 Motion until June 5, 2020, more than twelve years after that date, and his § 2255 Motion is untimely under 28 U.S.C. § 2255(f)(1).

Whether a petitioner has exercised due diligence to warrant a belated commencement of the limitation period pursuant to 28 U.S.C. § 2255(f)(4) is a fact-specific inquiry unique to each case. *See Wims v. United States*, 225 F.3d 186, 190–91 (2d Cir. 2000).  A petitioner bears the

---

[7] In 2009, the time set in the former rule at 10 days was revised to 14 days.

burden to prove that he or she exercised due diligence. *DiCenzi v. Rose*, 452 F.3d 465, 471 (6th Cir. 2006). Due diligence "at least require[s] that a prisoner make *reasonable* efforts to discover the facts supporting his claims." *Anjulo-Lopez v. United States*, 541 F.3d 814, 818 (8th Cir. 2008) (citing *Aron v. United States*, 291 F.3d 708, 712 (11th Cir. 2002)). A habeas applicant who "merely alleges that [he or she] did not actually know the facts underlying his or her claim does not" thereby demonstrate due diligence. *In re Boshears*, 110 F.3d 1538, 1540 (11th Cir. 1997). Rather, to obtain a belated commencement of the limitation period, the applicant must explain why a reasonable investigation would not have unearthed the facts prior to the date on which his conviction became final. *See id.* at 1540–41 (rejecting petitioner's assertion that he could not have discovered his new *Brady* claim prior to filing his first § 2254 petition). Moreover, in evaluating a petitioner's diligence, the Court must be mindful that the "statute's clear policy calls for promptness." *Johnson v. United States*, 544 U.S. 295, 311 (2005).

As a preliminary matter, despite being instructed to provide the exact date that he learned of Mr. Hunter's alleged conflict, McCord failed to do so. Additionally, any alleged conflict arose in 2006, and ended in 2007, while Mr. Hunter was representing McCord. McCord fails to demonstrate why he could not have learned about the alleged conflict prior to the filing of his § 2255 Motion in June 2020. Thus, he fails to show that he acted with due diligence in pursuing this claim and is not entitled to a belated commencement of the limitations period under 28 U.S.C. § 2255(f)(4). *See DiCenzi*, 452 F.3d at 471. Therefore, Claim Two (a) is untimely, and for this reason alone, will be DISMISSED.

### B. Claim Two (a) Lacks Merit

Even if the Court considered Claim Two (a) timely filed, McCord fails to establish that counsel rendered ineffective assistance based on an alleged conflict. McCord must show "that (1)

[his] lawyer operated under a 'conflict of interest' and (2) such conflict 'adversely affected his lawyer's performance.'" *Nicholson*, 611 F.3d at 205 (citing *Cuyler*, 446 U.S. at 348). The Court need not engage in an extensive analysis here, because McCord fails to allege sufficient facts to state a claim for relief. Even considering McCord's sworn statement and attached documents, McCord fails to identify with any specificity when Mr. Hunter represented Van Faggins, in what capacity, or in what court. At most, McCord vaguely suggests that Mr. Hunter was representing Van Faggins "in the same time frame as me, Van Faggins was being debriefed by Mr. Duffy and agents in 2006 and before." (ECF No. 48, at 3.) This is insufficient to establish that a conflict of interest existed. Moreover, McCord even admits that he has no idea whether any information obtained from any interview with Van Faggins would be used in this case. (*Id.*) What is clear is that Mr. Hunter never represented McCord in any capacity in the drug case where agents allegedly interviewed Van Faggins. Indeed, Mr. Hunter avers that he "did not assist nor consult with a Van Faggins regarding any matter involving Lamont McCord." (ECF No. 52–1.) Thus, it is unclear how Mr. Hunter could have a conflict of interest in his representation of McCord. Simply put, McCord fails to establish that Mr. Hunter operated under a conflict of interest.

Because Mr. Hunter was not operating under a conflict of interest in his representation of McCord, the Court need not reach the second prong of the inquiry. *See Nicholson*, 611 F.3d at 205 (citing *Cuyler*, 446 U.S. at 348 (requiring both a conflict of interest and an adverse effect on representation)). Nevertheless, McCord fails to allege facts that would establish that Mr. Hunter's representation of Van Faggins, at some nebulous time, in some nebulous matter, adversely affected Mr. Hunter's representation of McCord. Therefore, Claim Two (a) also lacks merit and will be DISMISSED.

8

## III. **CONCLUSION**

Claim Two (a) will be DISMISSED. The § 2255 Motion, (ECF No. 32), will be DENIED.

The action will be DISMISSED. A certificate of appealability will be DENIED.

An appropriate Order will accompany this Memorandum Opinion.

Date: 23 March 2022
Richmond, Virginia

/s/
John A. Gibney, Jr.
Senior United States District Judge

9